## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RITA MARTINS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>CAPSTONE LOGISTICS, LLC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)        Civil Case No. 24-cv-10357 |

## CLASS ACTION COMPLAINT

### I.    INTRODUCTION

1.    This is an action brought on behalf of current and former Massachusetts delivery drivers of Capstone Logistics, LLC ("Capstone" or "Defendant"), who were deprived of wages due them under the Massachusetts Wage Act in violation of M.G.L. c. 149, § 148 *et seq.* The above-named Plaintiff brings this action on behalf of herself and on behalf of a class of similarly situated persons who have worked as delivery drivers for Capstone in Massachusetts and who were misclassified as independent contractors for statutory claims that stem from the same Wage Act violations.

2.    This class action is brought by Rita Martins ("Plaintiff"), who has worked for Capstone as a delivery driver and who delivered primarily commercial pharmaceutical products. Defendant has employed Plaintiff and other drivers to perform delivery services in Massachusetts.

3.    Defendant misclassified its delivery drivers, who were employed to transport goods between commercial actors. Through this misclassification scheme, Defendant improperly

deducted certain expenses from these workers' wages and required drivers to bear work-related expenses normally borne by an employer. In doing so, Defendant violated the Massachusetts Payment of Wages Law, M.G.L. c. 149, § 148, with respect to all workers classified as independent contractors.

4.      Plaintiff brings her claims as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all drivers who have worked for Defendant in Massachusetts. Plaintiff seeks for the class restitution of all wages of which they were deprived, and all other relief to which they are entitled.

## II.    **JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), in that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which a member of a class of plaintiffs is a citizen of a State different from the Defendant.

6.      Upon information and belief, at least one member of the proposed Class is a citizen of a state different from that of Defendant, and at least one member of the proposed Class has claims which value in excess of $75,000, exclusive of interest and costs.

7.      Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts.

8.      Venue is proper under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this in this judicial district.

## III.    **PARTIES**

9.      Plaintiff Rita Martins is an adult resident of Natick, Massachusetts.  From approximately November 2022 until September 2023, Plaintiff Martins worked full-time for

Capstone in the Commonwealth of Massachusetts as a delivery driver, loading, delivering, and returning products — predominantly commercial pharmaceuticals — each day between Cardinal Health, Inc.'s Franklin, Massachusetts warehouse and various pharmacies, hospitals, and other locations. During this time, Plaintiff Martins was classified as an independent contractor of Capstone.

10.     Plaintiff Martins brings this action on behalf of a class of similarly situated individuals, namely, all other persons who signed an agreement to perform transportation services (either personally or on behalf of corporate entities) for Capstone, and who personally provided delivery services for Capstone in Massachusetts.

11.     Defendant Capstone Logistics, LLC is a corporation incorporated under the laws of the State of Delaware with its principal place of business located at 30 Technology Pkwy South, Suite 200, Peachtree Corners, GA, 30092. Capstone does business in Massachusetts, performs deliveries in Massachusetts, and maintains roughly six "Current Capstone Sites" in Massachusetts. *See An Extensive North American Network*, CAPSTONE LOGISTICS, https://www.capstonelogistics.com/locations/ (last visited Oct. 24, 2023).

IV.     **STATEMENT OF FACTS**

12.     Plaintiff was hired by Capstone to deliver commercial goods, predominantly pharmaceutical products, within the Commonwealth of Massachusetts from around November 2022 through September 2023. During this time, Plaintiff was misclassified as an independent contractor of Capstone.

13.     Plaintiff used her own delivery truck to perform her work for Defendant. Plaintiff drove roughly 150 miles per day on a pre-determined route.

14.     Plaintiff was hired to work full-time, five days per week, with workdays that

could last from roughly 4:45AM through 3:30PM.

15.    Companies such as Cardinal Health contract with Capstone, who in turn pays Plaintiff and other Massachusetts workers to deliver and distribute products to pharmacies, hospitals, and other commercial retailers within specific geographic areas referred to as "routes" or "territories."

16.    Plaintiff and other similarly situated delivery drivers generally play no role in setting or negotiating the prices of (or other terms or conditions relating to) the products they deliver.

17.    Plaintiff began each workday at a warehouse in Franklin, Massachusetts, where she would load as many as 300 totes of commercial pharmaceutical products. She would then deliver these products to pharmacies, hospitals, and other locations before returning to the Franklin warehouse to return any undeliverable products prior to concluding her workday.

18.    The products Plaintiff delivered for Capstone are goods in interstate commerce. Upon information and belief, a large portion of the goods Plaintiff delivered were manufactured outside the Commonwealth of Massachusetts before being shipped to the Franklin warehouse whereupon Plaintiff loaded them for delivery to commercial retailers. Plaintiff delivered goods, on behalf of Capstone, to commercial locations such as stores and pharmacies rather than to end-user customers or residences.

19.    The work of Plaintiff and other similarly situated delivery drivers falls squarely within Defendant's usual courses of business. Indeed, Plaintiff and other similarly situated delivery drivers are central to Capstone's core business as a distribution company that boasts of its "capabilities in freight management, warehouse and distribution center support, last-mile delivery, supply chain analytics, and optimization, and more," as well as its "integrated, end-to-

end logistics solutions [that] uniquely position [it] to help partners reduce warehousing and transportation costs." *Service & Value Through Innovation*, CAPSTONE LOGISTICS, https://www.capstonelogistics.com/about-us/ (last visited Oct. 24, 2023).

20.     Defendant controls virtually every aspect of the work performed by Plaintiff and other similarly situated drivers by, inter alia, setting delivery routes, directing the loading and unloading of products, making all pricing decisions, and requiring drivers to follow detailed operating guidelines and policies (both written and verbal).

21.     Plaintiff was required to wear a standard Capstone uniform during the workday.

22.     Neither Plaintiff nor other Capstone drivers operated an independently established trade or business; they were dependent on Capstone for their livelihood.

23.     Each week, Capstone made deductions from the wage earnings of Plaintiff and other similarly situated delivery drivers. These deductions were itemized on weekly "settlement sheets" and include, inter alia, deductions for administrative fees, cargo insurance, and required radio equipment. Plaintiff and those similarly situated were not reimbursed for these deductions.

*24.*     In addition, Plaintiff and other similarly situated delivery drivers regularly incurred work-related expenses for, inter alia, gas, vehicle maintenance/repair, and vehicle insurance. Defendant does not reimburse Plaintiff and other similarly situated delivery drivers for such expenses, which are directly related to the work Plaintiff and those similarly situated perform for Capstone.

25.     During the time period that Plaintiff worked for Capstone, she did not perform any deliveries other than those on behalf of Capstone.

## V.    CLASS ALLEGATIONS

26.     Plaintiff brings this action on behalf of herself and all other similarly situated

individuals who have signed an agreement with Capstone to perform delivery services (either personally or through a corporate entity) and who personally provided delivery services for Capstone in Massachusetts.

27.     The members of the Rule 23 class are readily ascertainable, because the number and identity of the class members are determinable from Defendant's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under Rule 23.  This action is properly maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

28.     The Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Upon information and belief, there are more than fifty Rule 23 class members.

29.     Plaintiff Martins's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be sought by each class member in separate actions.  All the Rule 23 class members were subject to the same corporate practices of Defendant, as alleged herein, of misclassification as independent contractors, failure to pay wages for all hours worked due to improper deductions, failure to pay for work-related expenses, and failure to pay time-and-a-half for hours worked over 40 in a single week.

30.     Plaintiff Martins and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' misclassification, and failure to pay earned wages in compliance with the Massachusetts Wage Law.  Plaintiff Martins and the Rule 23 independent contractor class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and

patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 class

members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts

as to each of the Rule 23 class members.

31.    Plaintiff Martins is able to fairly and adequately protect the interests of the Rule

23 class members and has no interests antagonistic to the Rule 23 class members.  Plaintiff

Martins is represented by attorneys who are experienced and competent in both class action

litigation and employment litigation and have previously represented many plaintiffs and classes

in wage and hour cases.

32.    A class action is superior to other available methods for the fair and efficient

adjudication of the controversy, particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants and are often hesitant to assert their rights out of fear of direct or indirect

retaliation. Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. The

issues in this action can be decided by means of common, class-wide proof. In addition, if

appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this

action as a class action.

33.    Common questions of law and fact exist as to the Rule 23 class members that

predominate over any questions only affecting Plaintiff and the Rule 23 class members

individually.  These questions include whether Defendant misclassified Plaintiff Martins and the

Rule 23 independent contractor class members as independent contractors, whether Defendant

improperly deducted common work-related expenses from wage earnings, whether Defendant

improperly refused to pay for other work-related expenses, and whether Defendant paid Plaintiff and the Rule 23 independent contractor class members time-and-a-half for hours worked in excess of 40 hours per single week.

## VI.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

34.    Pursuant to the Massachusetts state law requirements set forth in M.G.L. c. 149, § 150, Plaintiff filed a wage claim with the Office of the Attorney General and has received a letter permitting him to pursue these claims in Court.

### COUNT I
### VIOLATION OF PAYMENT OF WAGES LAW

35.    Defendant's misclassification of their workers as independent contractors has deprived them of the protections of the Massachusetts Wage Laws, including the timely payment of all wages owed without improper deductions from pay and the employers' payment of work-related transportation expenses, in violation of Mass. Gen. Laws c. 149, § 148.  This claim is brought pursuant to M.G.L. c. 149, § 150.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

1.    Certification of this case as a Rule 23 class action for the independent contractor class;

2.    Injunctive relief, requiring Defendants to cease their illegal practices;

3.    Restitution for all wages and other damages that are owed to Plaintiff and class members as described above;

4.    Statutory trebling of all wage-related damages;

5.    Attorneys' fees and costs; and

6.    Any other relief to which the plaintiffs and class members may be entitled.

Respectfully submitted,

RITA MARTINS, individually and on behalf of all
others similarly situated,

By her attorneys,


 /s/ Matthew Thomson
Harold Lichten, Esq. (Mass. BBO# 549689)
Matthew Thomson, Esq. (Mass. BBO# 682745)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994–5800
hlichten@llrlaw.com
mthomson@llrlaw.com


Michael J. Bace, Esq. (Mass. BBO# 669948)
BACE LAW GROUP, LLC
PO Box 9316
Boston, MA 02114
508-922-8328
mjb@bacelaw.com


Dated:        February 6, 2024